UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| COREY BILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. _____ |
| CITY OF JACKSON, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |
| | ) |

# COMPLAINT

Plaintiff Corey Biles, by and through his undersigned counsel, respectfully submits this Complaint against Defendant City of Jackson. For his cause, Plaintiff states as follows:

## Jurisdiction and Venue

1. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

2. Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391. A substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## The Parties

3. Defendant is a non-profit organization located in Butts County which is within the Middle District of Georgia.

4. At all relevant times, Plaintiff was an employee of an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203. In particular, Plaintiff was employed by Defendant as a Lieutenant and a Sergeant.

5. At all relevant times, Plaintiff has been entitled to the rights, protections and benefits of the Fair Labor Standards Act.

6. Defendant is an employer as defined by 29 U.S.C. § 203(d) and Defendant is a public agency as defined by 29 U.S.C. § 203(x). At all relevant times, Defendant has been aware of the provisions of the Fair Labor Standards Act.

7. Defendant is an enterprise as defined by 29 U.S.C. § 203(e).

## Factual Allegations

8. Defendant employed Plaintiff as a handler of police dogs for approximately sixteen years until the termination of his employment in June 2017.

9. According to Defendant's website, "The Police Department has a very effective K-9 unit. Utilizing the department's trained Belgian Malinois, Ric, Lt. Corey Biles has been very successful in illegal drug interdiction in Jackson and in helping agencies find illegal drugs." (http://www.cityofjacksonga.com/158/Police, last visited July 14, 2017.)

10. While employed by Defendant, Plaintiff was entitled to receive overtime compensation as a rate of not less than one and a half times his regular rate of pay for each overtime hour worked, except as and to the extent otherwise provided in the Fair Labor Standards Act, 29 U.S.C. § 207(a).

11. During the relevant timeframe, Plaintiff regularly worked in excess of forty hours per workweek.

12. During the relevant timeframe, Defendant regularly handled a police dog as part of his job.

13. During the relevant timeframe, Defendant failed to compensate Plaintiff for the hours he worked caring for the dog, including feeding, cleaning, bathing, grooming, exercising, training and general care.

14. Defendant's failure to compensate Plaintiff for his overtime hours worked at a rate of one and a half times his regular rate of pay is a violation of 29 U.S.C. § 207. Such violation is redressable by Plaintiff under 29 U.S.C. § 216(b).

15. Defendant was aware of the work performed by Plaintiff and of the requirement under the Fair Labor Standards Act to compensate Plaintiff for such work.

16. In particular, Plaintiff twice questioned his supervisors as to whether he should be compensated for his work caring for the police dogs.

17. To avoid suspicion and further inquiry by Plaintiff regarding his entitlement to overtime compensation, Defendant willfully and intentionally misrepresented to Plaintiff that he was not entitled to such compensation. Plaintiff reasonably relied upon Defendant's misrepresentations and because of those misrepresentations was unable to determine his entitlement to overtime pay and the proper compensation owed to him in accordance with the FLSA through the exercise of reasonable diligence.

18. As a result of Defendant's actions in fraudulently concealing Plaintiff's entitlement to overtime compensation, the applicable statute of limitations is tolled for as long as Defendant engaged in the fraudulent and misleading conduct set forth above. Defendant is estopped from raising such statute of limitations as a bar.

19. The failure by Defendant to compensate Plaintiff as required by the FLSA was a "willful" violation as defined by 29 U.S.C. § 255.

20. Defendant is liable to Plaintiff in the amount of his unpaid compensation for work performed for which it did not compensate him, an equal amount as liquidated damages, and for reasonable attorneys' fees, together with the costs of this action.

21. Plaintiff has given his written consent to join in this action under the FLSA. His Consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT I: Violation of the Fair Labor Standards Act

22. Plaintiff re-alleges paragraphs 1 through 21 above and incorporate them here by reference.

23. By engaging in the conduct described above, Defendant failed to pay Plaintiff at a rate of pay not less than one and one half times his regular rate for all overtime work performed, in violation of 29 U.S.C. § 207.

24. Numerous courts have held that the aforementioned work is compensable under the Fair Labor Standards Act. *See, e.g., Holzapfel v. Town of Newburgh, N.Y.*, 145 F.3d 516, 522 (2d Cir. 1998); *Rudolph v. Metropolitan Airports Comm'n,* 103 F.3d 677, 681 (8th Cir.1996); *Levering v. D.C.*, 869 F. Supp. 24, 27 (D.D.C. 1994); *Truslow v. Spotsylvania County Sheriff*, 783 F. Supp. 274 (E.D. Va. 1992).

25. Defendant's actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

26. As a result of Defendant's violation of the FLSA, Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages, as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for the following relief: the unpaid overtime compensation due under the FLSA at one and a half times his applicable regular rates for all overtime hours worked in an amount to be determined at trial; an equivalent amount as liquidated damages; pre- and post-judgment interest; reasonable counsel fees and costs; and such further and appropriate relief as the Court may deem necessary.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues deemed so triable.

Dated: July 18, 2017

Respectfully submitted,

By: /s/ Andrew Weiner
Andrew Weiner, Bar No. 808278
aw@atlantaemployeelawyer.com
Jeffrey Sand, Bar No. 181568
js@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Rd., 7 Piedmont Ctr.
3rd Fl.
Atlanta, GA  30305
(404) 254-0842
(866) 800-1482 (f)

Counsel to Plaintiff