# EXHIBIT 1

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims ("Agreement") is entered into by and between the following Parties: COREY BILES ("Plaintiff") and THE CITY OF JACKSON, GEORGIA ("Defendant").

**WITNESSETH:**

**WHEREAS**, Plaintiff was formerly employed by Defendant;

**WHEREAS**, Plaintiff filed a lawsuit on July 18, 2017 against Defendant in the United States District Court for the Middle District of Georgia, Macon Division, styled *Corey Biles, Plaintiff v. City of Jackson, Georgia, Defendant,* Civil Action No. 5:17-cv-0281-MTT (hereinafter referred to as the "Civil Action"), which action arises out of or relates to the employment of Plaintiff by Defendant;

**WHEREAS**, Plaintiff asserts claims in the Civil Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), alleging that Defendant failed to pay him overtime in violation of 29 U.S.C. § 207 for off-duty care of a police canine. Plaintiff further asserts that Defendant's actions in failing to compensate him in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a). Plaintiff seeks unpaid overtime compensation and an equal amount of liquidated damages, as well as prejudgment interest, reasonable attorneys' fees and costs;

**WHEREAS**, Defendant has asserted and continues to assert that there is no factual or legal basis for the allegations and claims in the Civil Action and denies any liability to Plaintiff on the basis of any claim, asserted or unasserted, in the Civil Action, or otherwise;

**WHEREAS**, Plaintiff and Defendant (collectively, the "Parties") desire to reach a full and final settlement of all past and present claims, controversies and disputes that Plaintiff has or may have against Defendant and Releasees (as defined in Paragraph 2) as of the date of this Agreement, including all claims alleged in the Civil Action, as well as any claims that Plaintiff is owed any wages, compensation, penalties, or other monies, or any other claims that relate in any way to Plaintiff's former employment with Defendant; and

**WHEREAS**, this Agreement shall not be deemed in any manner as an admission, finding, or indication for any purposes whatsoever that Defendant or any of its present or

former elected and/or appointed officials, employees, or agents acted contrary to the law or violated the rights of Plaintiff or any other person at any time.

**NOW, THEREFORE**, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged by the Parties, Plaintiff and Defendant agree as follows:

## **CONSIDERATION**

1.

In compromise and settlement of all of Plaintiff's Claims against Defendant and the other Releasees, Defendant agrees to pay the gross amount of Twenty-Five Thousand Dollars ($25,000.00) ("Settlement Pay") as follows:

a. One check payable to Corey Biles in the amount of Six Thousand Seven Hundred Thirty-Seven Dollars and Fifty Cents ($6,737.50) for unpaid wages, less applicable taxes and withholdings, to be reported on an IRS Form W-2;

b. One check payable to Corey Biles in the amount of Seven Thousand Seven Hundred Thirty-Seven Dollars and Fifty Cents ($7,737.50) representing Six Thousand Seven Hundred Thirty-Seven Dollars and Fifty Cents ($6,737.50) for liquidated damages, and One Thousand Dollars ($1,000.00) for a general release, to be reported on an IRS Form 1099.

c. One check payable to The Weiner Law Firm LLC, in the amount of Ten Thousand Five Hundred and Twenty-Five Dollars and No Cents ($10,525.00) for attorney's fees, costs, and expenses of litigation, to be reported on an IRS Form 1099.

d. Plaintiff agrees to pay all taxes, if any, which may be deemed owing on the payments under this section, except for Defendant's portion of FICA and other employer portion tax contributions associated with the payments designated as unpaid wages. Plaintiff further agrees that he will indemnify and hold Defendant and Releasees harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to Plaintiff's tax treatment of any amounts paid to him, except for any challenge associated with Defendant's responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payments designated as unpaid wages.

  e. Plaintiff represents and warrants that Andrew Weiner and Jeffrey Sand of The Weiner Law Firm LLC are and have been the sole attorneys for him with respect to the Civil Action and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that all legal fees, costs, and/or expenses for which Defendant could be liable in connection with the Civil Action are discharged through this Agreement.

  f. The settlement checks described in paragraphs 1 a., b., and c. will be transmitted to The Weiner Law Firm within the time period specified in Paragraph 3 below.

## WAIVER AND RELEASE OF ALL CLAIMS

2.

  a. In exchange for the foregoing good and valuable consideration described in Paragraph 1 of this Agreement, the sufficiency of which is hereby acknowledged by Plaintiff, Plaintiff, for himself, his attorneys, his spouse, assigns, heirs, executors, administrators, and any other agents or representatives, hereby fully, finally, and forever releases and discharges the City and all of its present or former officers, elected and/or appointed officials, attorneys, and employees, both in their individual and official capacities ("Releasees") from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses, and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against them growing out of, arising from, or pertaining to any transaction, dealing, conduct, act, or omission by and between any Releasee and Plaintiff, or any other matters or things occurring or existing at any time prior to the execution of the Agreement, including, but not limited to, any claims that were alleged or could have been alleged in the Civil Action or any other civil or administrative proceeding from the beginning of time through the execution of this Agreement.

  b. Plaintiff represents and warrants that he is unaware of any other claim, demand, action, cause of action, or suit for damages, losses, costs, expenses, or attorneys' fees, which he has or may have against the City, or any other Releasee at this time, whether or not related to his employment with the City or separation from employment with the City. Plaintiff understands and acknowledges that the City and other Releasees are relying upon this representation in entering into this Agreement.

   c. Without in any way limiting the foregoing, the claims waived and released by Plaintiff include any possible or alleged claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 stat. 1071 (1991); the Civil Rights Act of 1871, 42 U.S.C. § 1983; Executive Order 11246; the Equal Pay Act of 1963, 29 U.S.C. § 206; the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq.; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, et seq.; the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.; the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq.; the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 U.S.C. § 2000ff et seq.; the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, all as amended, and under any other federal, state, local, constitutional, or common law, statute, ordinance, resolution, charter, or regulation; any and all claims arising out of any alleged contract or tort, including but not limited to claims of willful, intentional, or negligent infliction of emotional harm and/or distress, negligent retention, harassment, whistleblower retaliation, tortious breach or interference with business or contractual relations, defamation, fraud, invasion of privacy, or any other unlawful behavior; any and all claims for monetary recovery, including past or future lost wages, employee benefits, liquidated, compensatory and/or punitive damages, and/or attorneys' fees and expenses; and any and all claims of whatsoever nature asserted or which could be asserted by Plaintiff in any lawsuit, claim, complaint, grievance, appeal, or charge against Releasees for or on account of any matter or thing whatsoever existing or occurring up to and including the date on which this Agreement is signed by Plaintiff, except as otherwise provided herein.

   d. Plaintiff hereby certifies that he has the intention of releasing all claims against the City and all other Releasees herein in exchange for the consideration described in Paragraph 1. In addition, Plaintiff acknowledges, understands, and agrees that the consideration of $1,000.00 is a reasonable and sufficient amount, separate from the amount he is receiving for his wage claims, to release his other claims against Defendant and Releasees.

   e. Plaintiff acknowledges and agrees that with the payment of the amounts stated in Paragraph 1, he has been fairly compensated for all wages and liquidated damages potentially owed to him under the FLSA, as well as all attorneys' fees incurred to date, and for a general release of claims after being provided full and fair opportunity to review all relevant pay and time records. Defendant denies that any monies are owed to Plaintiff, and are offering this amount that Plaintiff considers full compensation for wages, liquidated damages, a general release and attorneys' fees, solely to avoid the costs of litigation.

f.      Plaintiff hereby acknowledges, understands, and agrees that the release set forth in Paragraph 2 of this Agreement is absolute, except that it does not apply to: (i) any claim relating to any alleged breach of this Agreement; (ii) Plaintiff's entitlements to future benefits pursuant to any applicable retirement plan, COBRA, workers' compensation, or unemployment compensation insurance; (iii) the validity of this Agreement under the Age Discrimination in Employment Act ("ADEA"), as amended by the Older Workers Benefit Protection Act; or (iv) any other claim which cannot be released by private agreement.

## COURT APPROVAL

3.

All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Civil Action is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. After the court approves the settlement of this Civil Action, Defendant will transmit the payments required to Plaintiff's counsel within fourteen (14) business days. If the District Court does not approve this Agreement, it shall be void *ab initio*.

## DISMISSAL OF ACTION

4.

a.      Upon judicial approval of the Agreement and Plaintiff's receipt of the payments required under paragraphs 1 a., b., and c., the Parties, through their counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Attachment A, with the court within three (3) business days.

b.      Plaintiff represents that as of the date Plaintiff signs this Agreement, he has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state or local court or agency other than the Civil Action. Plaintiff agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties. Plaintiff further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and

that even if a court or arbitrator rules that Plaintiff may not waive a claim released by this Agreement, Plaintiff will not accept any money damages or other relief from any other action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties.

### NON-DISPARAGEMENT

5.

a. Plaintiff acknowledges and agrees that he will not make any statements that disparage the business or reputation of the City and/or its present or former elected and/or appointed officials, employees, attorneys, or agents. Notwithstanding the foregoing, nothing in this Agreement shall prohibit Plaintiff from (i) making truthful statements or disclosures that are required by applicable law, regulation or legal process; or (ii) requesting or receiving confidential legal advice.

b. Defendant's attorney will instruct via e-mail Mayor Kay Pippin and Chief of Police James Morgan that they shall not make any statements that disparage Plaintiff in any manner whatsoever, nor shall they instruct any third parties to make any statement that disparages Plaintiff in any manner whatsoever. Notwithstanding the foregoing, nothing in this Agreement shall prohibit Mayor Pippin of Chief Morgan from (i) making truthful statements or disclosures that are required by applicable law, regulation or legal process; or (ii) requesting or receiving confidential legal advice.

### COVENANT NOT TO SEEK RE-EMPLOYMENT

6.

Plaintiff understands and acknowledges that he has no right or expectation to employment or re-employment with the City, and he agrees and promises not to seek employment with the City at any time in the future.

### NEUTRAL REFERENCE

7.

The City agrees that if any prospective employer contacts the City seeking a reference for Plaintiff, the City will confirm dates of employment and position title only.

## WAIVER AND RELEASE OF CLAIMS UNDER THE ADEA

8.

a. Pursuant to the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act (hereinafter, the "ADEA"), Plaintiff acknowledges and understands that he has twenty-one (21) calendar days to consider the terms and conditions of this Agreement, a right which he explicitly waives with execution of this Agreement. Plaintiff further acknowledges that he has had the opportunity to consult with his attorney, accountant, tax advisor, and/or spouse regarding whether to execute the Agreement and to release any claim that may or may not exist. Plaintiff further acknowledges and agrees that Defendant has not made any representation to him concerning the terms or effects of this Agreement other than those contained herein.

b. Plaintiff further acknowledges and understands that this Agreement shall not become effective or enforceable until the expiration of seven (7) days following the date on which he first executes the Agreement. Plaintiff understands that he has the right to revoke the Agreement at any time during such seven (7) day period, provided that such revocation shall not be effective unless: (i) the notice of revocation is made in writing addressed to: Tracy L. Glanton, c/o Elarbee, Thompson, Sapp & Wilson, 800 International Tower, 229 Peachtree Street, N.E., Atlanta, Georgia 30303, and includes the statement: "I hereby revoke my acceptance of the Settlement Agreement and Full and Final Release of All Claims" and (ii) the written notice of revocation is delivered by hand or sent by certified mail with a postmark dated before the end of the seven (7) day revocation period to Tracy L. Glanton at the address set forth herein. If Plaintiff does not provide notice of revocation during the seven (7) day revocation period, the Effective Date of the Agreement will be the 8th calendar day after Plaintiff signs the Agreement.

## REMEDIES FOR BREACH

9.

In the event of a breach of any of the terms of the Agreement, the Parties shall be entitled to all remedies or damages at law, and any appropriate injunctive relief, including specific performance.

## ENTIRE RELEASE

10.

Plaintiff affirms that the only consideration for his decision to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or arrangements of any kind which have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that he has consulted legal counsel before executing the Agreement.

## AMENDMENTS

11.

Any modification or change to this Agreement must be made in writing and signed by the Parties.

## CONSTRUCTION

12.

The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

## SEVERABILITY

13.

Each paragraph, sentence, and phrase of this Agreement is severable from every other paragraph, sentence, and phrase. Should any paragraph, sentence, or phrase of the Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of the Agreement

in full force and effect.  Notwithstanding the foregoing, if Paragraph 2 is found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

## GOVERNING LAW

14.

The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

## SIGNATURES

15.

A fax signature or email scanned signature of this Agreement shall be as effective as an original ink signature.

PLEASE READ CAREFULLY.  THIS AGREEMENT INCLUDES THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.  PLAINTIFF UNDERSTANDS THAT HE SHOULD CONSULT AN ATTORNEY BEFORE SIGNING THIS AGREEMENT, AND FURTHER UNDERSTANDS THAT HE IS GIVING UP ANY LEGAL CLAIMS HE HAS OR MAY HAVE AGAINST DEFENDANT BY SIGNING THIS AGREEMENT.  PLAINTIFF FURTHER ACKNOWLEDGES THAT HE ENTERS INTO THIS AGREEMENT KNOWINGLY, WILLINGLY AND VOLUNTARILY IN EXCHANGE FOR THE BENEFITS DESCRIBED HEREIN.

[*Signatures Follow*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Full and Final Release of All Claims.

By: _____
Corey Biles

Date: 02/05/18

Subscribed before me,
this 5th day of February, 2018.

_____
Notary Public

My commission expires: May 9, 2018

(NOTARIAL SEAL)

APPROVED AS TO FORM BY:

_____
Andrew Weiner
Georgia Bar No. 808278
Jeffrey Sand
Georgia Bar No. 181568
The Weiner Law Firm, LLC
3525 Piedmont Rd., 7 Piedmont Circle
3rd Floor
Atlanta, GA 30305

Attorneys for Plaintiff Corey Biles

By: _____
Kay Pippin
Mayor, City of Jackson

**ATTESTATION:**

On this 6th day of February 2018, before me has personally appeared one such Kay Pippin Mayor, City of Jackson, Georgia to me known to be the individual described herein who has executed the foregoing Agreement, and has acknowledged that he has done so voluntarily.

_____ Clerk

(CITY'S SEAL)